26 C.C.P.A.(Patents)

### FERNANDEZ v. HILL.*
### Patent Appeals No. 4121.

Court of Customs and Patent Appeals.
April 10, 1939.

*Rehearing denied May 29, 1939.

Alphonse Fernandez, pro se.

Edward R. Walton, Jr., of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner of Interferences awarding priority of invention to appellee with respect to all of the counts in issue, 1 to 4, inclusive.

Count 1 is illustrative and reads as follows: "1. A tubular structure composed of a plurality of abutting substantially diamond shaped plates, each of said plates having a pair of edges of uniform length converging to a point and forming one pointed end for the plate, and having two other edges of the same length as the aforesaid edges, said two other edges also converging to a point and forming a second pointed end for the plate, the points of said ends being disposed in a plane at right angles to the length of the tubular structure, all of said edges being provided throughout their lengths with lateral flanges, and bolts securing the flanges of the various plates together, whereby half the number of said flanges are pitched in one direction and the other are pitched in the other direction to effectively brace the tubular structure."

The interference is between an application of appellant filed on May 14, 1934, and an application of appellee filed on June 14, 1932. As originally declared, there was a third party to the interference, one Joseph L. Gillman, Jr., who in some way not appearing in the record was eliminated therefrom. The record does not disclose any preliminary statement by him, and he is not referred to in either of the decisions of the Patent Office tribunals.

Appellant being the junior party, the burden was upon him to establish priority of invention by a preponderance of evidence.

Appellant was represented by counsel in all the proceedings before the Patent Office, but he filed his notice of appeal to this court pro se, and upon a proper showing before us the printing of the record was dispensed with and he was permitted to file his brief in typewritten form. He personally argued his appeal before us.

Appellant took testimony, but appellee did not; hence appellee was restricted to his filing date, June 14, 1932, for conception and constructive reduction to practice of the invention. Appellee has submitted no brief or oral argument.

Appellant's reasons for appeal are very informal, and while they may be construed as raising the question of appellee's right to make the claims corresponding to the counts, that matter cannot be considered by us for the reason that the record in the case at bar does not disclose that it was raised at any stage of the proceedings before the Patent Office tribunals, and in appellant's appeal to the Board of Appeals that question was not referred to nor was it mentioned in the decision of the board.

Therefore the only question before us is that of priority based upon the testimony in the case.

The Examiner of Interferences found that appellant had not established actual reduction to practice of the invention prior to his filing date, and was not diligent in filing his application for a patent. Upon appeal the Board of Appeals affirmed this decision.

The only testimony in the case at bar is the testimony taken in Fernandez v. Gillman, Jr., 26 C.C.P.A., Patents, ——, 102 F.2d 891, decided concurrently herewith, which testimony was taken for use in both interferences.

The reduction to practice relied upon by appellant here is the same as that which was relied upon in the companion case, viz., the construction of some steps for a Mrs. Maletti in 1926. In the companion case we held that there was no corroboration of appellant's testimony that the con-

struction of said steps embodied the invention there in issue, for the reason that there was no corroborating witness who testified that a tubular structure was employed in constructing said steps.

Each of the counts before us embraces a tubular structure, and there is therefore the same lack of corroboration of appellant's testimony as was found by us in the companion case. It is clear that appellant has not, upon the record before us, established an actual reduction to practice of the invention.

Appellant's reasons of appeal do not raise the question of diligence upon his part in reducing the invention to practice, but we are satisfied from a careful examination of the record that he has failed to establish diligence, either in actually reducing the invention to practice or in filing his application for a patent.

Appellant complains that appellee was favored by the Patent Office tribunals "to the point of abusing the well established rules and laws of the Patent Office." A careful examination of the record discloses that there is no foundation whatever for this charge, and we are convinced that it would not have been made had appellant been represented by counsel before us, or if he himself had been familiar with such rules.

The decision of the Board of Appeals is affirmed.

Affirmed.